# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50392
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 26, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILMER JOSE DE LA CRUZ-PUAC, also known as Wilmer De La Cruz-Gonzalez, also known as Wilmer Jose De-La Cruz, also known as Jose De La Cruz-Gonzalez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CR-352-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Wilmer Jose De La Cruz-Puac appeals his conviction for illegal reentry, in violation of 8 U.S.C. § 1326.  He entered a conditional guilty plea, reserving the right to challenge the district court's denial of his motion to dismiss the indictment, after which the district court sentenced him to 10 months of imprisonment and three years of supervised release.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50392

As he did in the district court, De La Cruz-Puac argues that his prior removal was invalid because it followed a defective notice to appear that failed to specify a date and hearing time.  He further contends that he may collaterally attack the removal proceeding without exhausting his administrative remedies.  He concedes that his arguments are foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588), and *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *petition for cert. filed* (U.S. Dec. 16, 2019) (No. 19-779).  He has raised the arguments to preserve them for further review.  The Government filed an unopposed motion for summary affirmance because the arguments are foreclosed by *Pedroza-Rocha* and *Pierre-Paul*.  The Government, alternatively, requests an extension of time to file its response brief.

Summary affirmance is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  De La Cruz-Puac's arguments are indeed foreclosed.  *See Pedroza-Rocha*, 933 F.3d at 496–98.  Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.